McCORRISTON MILLER MUKAI MacKINNON LLP

NADINE Y. ANDO          3158-0
LISA W. CATALDO         6159-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i  96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
Email:  ando@m4law.com; cataldo@m4law.com

Attorneys for Defendants
AIG SPECIALTY INSURANCE CO. f/k/a
CHARTIS SPECIALTY INSURANCE CO. and
AMERICAN INTERNATIONAL GROUP, INC. and
McCORRISTON MILLER MUKAI MACKINNON LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MICHAEL C. GREENSPON,<br><br>         Plaintiff,<br><br>vs.<br><br>AIG SPECIALTY INSURANCE CO. f/k/a CHARTIS SPECIALTY INSURANCE CO.; AMERICAN INTERNATIONAL GROUP, INC.; PROMMIS SOLUTIONS HOLDING CORP. n/k/a OLD ALABAMA CLOSING CORP.; MCCORRISTON MILLER MUKAI MACKINNON LLP; DOES 1-30,<br><br>         Defendants. | CIVIL NO. 18-00448 DKW-RLP<br><br>DEFENDANTS AIG SPECIALTY INSURANCE CO. f/k/a CHARTIS SPECIALTY INSURANCE CO. AND AMERICAN INTERNATIONAL GROUP, INC.'S **AMENDED** ANSWER TO VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT FILED SEPTEMBER 17, 2018; CERTIFICATE OF SERVICE |

DEFENDANTS AIG SPECIALTY INSURANCE CO. f/k/a CHARTIS SPECIALTY INSURANCE CO. AND AMERICAN INTERNATIONAL GROUP, INC.'S **AMENDED** ANSWER TO VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT FILED SEPTEMBER 17, 2018

Defendants AIG Specialty Insurance Co. f/k/a Chartis Specialty Insurance Co. ("AIG Specialty") and American International Group, Inc. ("AIG") (sometimes collectively referred to as "Defendants"), hereby submit the following as their *Amended* Answer to Verified Complaint for Declaratory Judgment ("Complaint"), filed on September 17, 2018. In asserting the affirmative defenses below, Defendants do not admit or acknowledge that they bear the burden of proof as to any of these defenses and reserve all rights:

**FIRST DEFENSE:**

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

**SECOND DEFENSE:**

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 7, 8, 11, 12, 13, 15, 16, 17, 25 and 35 of the Complaint and thus, those allegations are denied.

3. Defendants deny the allegations contained in Paragraphs 5, 9, 10, 26, 27, 32, 33, 34, 36 and 37 of the Complaint.

4. In response to Paragraphs 6, 9, 18, 19, 20, 21, 22, 23, 28, 29, 30, and 31 of the Complaint, Defendants state that the documents referenced therein speak for themselves and on that basis, deny all remaining allegations.

5. In response to Paragraph 2 of the Complaint, Defendants admit that AIG Specialty is an Illinois corporation with its principal place of business in New York, but otherwise deny the allegations in paragraph 2.

6. In response to Paragraph 3 of the Complaint, Defendants admit that AIG is a Delaware corporation with its principal place of business in New York, that it is the indirect parent of AIG Specialty, and that AIG does business in the State of Hawaii. Defendants otherwise deny the allegations in paragraph 3, and deny that AIG is an insurance company for the purposes of Plaintiff's collective reference to "AIG" throughout the Complaint as being one and the same as AIG Specialty.

7. In response to Paragraph 4 of the Complaint, Defendants admit that McCorriston Miller Mukai MacKinnon LLP is a Honolulu law firm that has represented AIG Specialty but otherwise deny the remaining allegations of Paragraph 4.

8. In response to Paragraph 14 of the Complaint, Defendants object on the basis that the allegations contain a conclusion of law as to which no response is required and is therefore denied.

9. In response to Paragraph 24 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1-23 of the Complaint.

10. Defendants deny the allegations contained in the "WHEREFORE" clause, including subparts, following Paragraph 37 of the Complaint. Further answering, Defendants deny that Plaintiff is entitled to any relief sought.

11. Each and every other allegation not heretofore specifically answered is denied.

**THIRD DEFENSE:**

12. Plaintiff's Complaint fails to present a justiciable controversy between Plaintiff and Defendants.

**FOURTH DEFENSE:**

13. Plaintiff is barred from maintaining this action against Defendants because the claims against Defendants upon which the action is based were discharged or otherwise voided in bankruptcy.

**FIFTH DEFENSE:**

14. Plaintiff lacks standing to assert his claims against Defendants.

**SIXTH DEFENSE:**

15. There is no privity of contract between Defendants and Plaintiff to support his claims.

**SEVENTH DEFENSE:**

16. Defendants owe no duties to Plaintiff because he is not an Insured as defined by the applicable AIG Specialty Policy.

**EIGHTH DEFENSE:**

17. Defendants did not violate any statutory or common law duty owed to Plaintiff.

**NINTH DEFENSE:**

18. Plaintiff is barred from maintaining this action against Defendants based upon the equitable doctrines of laches, waiver, estoppel and unclean hands.

**TENTH DEFENSE:**

19. Plaintiff's Complaint fails to allege that all terms and conditions of the contract upon which Plaintiff bases his claims have been met and/or complied with.

**ELEVENTH DEFENSE:**

20. Plaintiff's Complaint is barred by Section 14 of the General Terms and Conditions of the applicable AIG Specialty Policy.

**TWELFTH DEFENSE:**

21. Plaintiff's Complaint is barred by Exclusion (a) of the D&O Coverage Section of the applicable AIG Specialty Policy.

**THIRTEENTH DEFENSE:**

22. Plaintiff's Complaint is barred by Exclusion (c) of the D&O Coverage Section of the applicable AIG Specialty Policy.

**FOURTEENTH DEFENSE:**

23. Plaintiff's Complaint is barred by Exclusion (e) of the D&O Coverage Section of the applicable AIG Specialty Policy.

**FIFTEENTH DEFENSE:**

24. Plaintiff's Complaint is barred by Exclusion (l) of the D&O Coverage Section of the applicable AIG Specialty Policy.

**SIXTEENTH DEFENSE:**

25. Plaintiff's Complaint is barred by Exclusion (m) of the D&O Coverage Section of the applicable AIG Specialty Policy.

**SEVENTEENTH DEFENSE:**

26. Plaintiff's Complaint is barred by Exclusion (u)(ii) of the D&O Coverage Section of the applicable AIG Specialty Policy.

**EIGHTEENTH DEFENSE:**

27. Plaintiff's Complaint fails because the amounts sought are not "Loss" as defined by the D&O Coverage Section of the applicable AIG Specialty Policy.

**NINETEENTH DEFENSE:**

28. Plaintiff's Complaint against AIG is barred because AIG is not the insurer under the applicable AIG Specialty Policy.

**TWENTIETH DEFENSE:**

29. The Complaint fails because Plaintiff has not satisfied the requirements of the applicable insuring agreement under the AIG Specialty Policy, because the other terms and conditions necessary for coverage to exist under the applicable AIG Specialty Policy have not been satisfied, and because coverage is otherwise limited or excluded by the applicable terms, conditions and exclusions in the Policy.

**TWENTY-FIRST DEFENSE:**

30. The Plaintiff's claims are barred by the statute of limitations.

**TWENTY-SECOND DEFENSE:**

31. Defendants assert that because the Complaint is stated in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert or rely upon any other matter constituting an avoidance or affirmative defense, including those set forth in FRCP 8(c) and HRCP 8(c) that is supported by information or facts obtained in discovery, at trial, or by other means during this case, and expressly reserve the right to amend their answer to assert such additional affirmative defenses in the future.

WHEREFORE, Defendants pray:

A. That the Complaint against them be dismissed and that judgment be entered in their favor;

B. That they be awarded their reasonable attorneys' fees and costs; and

C. That they be awarded such other and further relief as the Court deems just and appropriate under the circumstances.

DATED:  Honolulu, Hawai'i, December 6, 2018.

/s/ *Nadine Y. Ando*
NADINE Y. ANDO
LISA W. CATALDO

Attorneys for Defendants
AIG SPECIALTY INSURANCE CO. f/k/a CHARTIS SPECIALTY INSURANCE CO. and AMERICAN INTERNATIONAL GROUP, INC. and McCORRISTON MILLER MUKAI MACKINNON LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| MICHAEL C. GREENSPON, | ) | CIVIL NO. 18-00448 DKW-RLP |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| | ) | |
| AIG SPECIALTY INSURANCE CO. f/k/a CHARTIS SPECIALTY INSURANCE CO.; AMERICAN INTERNATIONAL GROUP, INC.; PROMMIS SOLUTIONS HOLDING CORP. n/k/a OLD ALABAMA CLOSING CORP.; MCCORRISTON MILLER MUKAI MACKINNON LLP; DOES 1-30, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following parties on this date as indicated below:

| | CM/ECF | Hand Delivery | U.S. Mail |
|---|---|---|---|
| MICHAEL C. GREENSPON<br>1135 Makawao Avenue, Suite 103 #321<br>Makawao, HI  96768<br>**Plaintiff *Pro Se*** | | | ✓ |

64095/387486.1

DATED: Honolulu, Hawaiʻi, December 6, 2018.

        /s/ *Nadine Y. Ando*_____
        NADINE Y. ANDO
        LISA W. CATALDO

Attorneys for Defendants
AIG SPECIALTY INSURANCE CO. f/k/a
CHARTIS SPECIALTY INSURANCE CO.
and AMERICAN INTERNATIONAL
GROUP, INC.