UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL C. GREENSPON, | CV. NO. 18-00448 DKW-RLP |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION TO DECLINE JURISDICTION AND REMAND** |
| AIG SPECIALTY INSURANCE CO F/K/A CHARTIS SPECIALTY INSURANCE CO.; AMERICAN INTERNATIONAL GROUP, INC.; PROMMIS SOLUTIONS HOLDING CORP. N/K/A OLD ALABAMA CLOSING COPR.; MCCORRISTON MILLER MUKAI MACKINNON LLP; and DOES 10-30, | |
| Defendants. | |

On November 30, 2018, Plaintiff Michael Greenspon filed a Motion to

Decline Jurisdiction and Remand (Motion, Dkt. No. 10) in response to Defendant

AIG's November 19, 2018 Notice of Removal (Notice, Dkt. No. 1). Because the

only named in-state defendant was fraudulently joined and therefore complete

diversity exists, because removal by the properly joined defendants was

procedurally sound, and because the *Brillhart* factors weigh in favor of this Court

exercising jurisdiction, Greenspon's Motion is DENIED.

1

## BACKGROUND

On September 17, 2018, Greenspon filed an insurance coverage action in Hawai'i state court against defendants AIG, AIG Specialty (collectively, AIG), Prommis Solutions Holding Corp. (PSHC), and the law firm, McCorriston Miller Mukai and MacKinnon (McCorriston).  Motion at 3.  The action arises from a March 14, 2018 default judgment obtained by Greenspon in a 2014 state court wrongful foreclosure lawsuit against PSHC.  AIG is PSHC's insurer, while McCorriston is AIG's legal counsel.  Compl. ¶4; Opp. at 8.  Greenspon has litigated, and is currently litigating, other lawsuits in Hawai'i state court against various parties related to the property and events that gave rise to the foreclosure. Motion at 18.

On November 19, 2018, within 30 days of service of the Complaint, AIG removed this action, asserting complete diversity and an amount in controversy exceeding $75,000, for purposes of establishing this Court's subject-matter jurisdiction.  Notice ¶4.  On November 30, 2018, Greenspon filed the instant Motion, seeking remand.  Greenspon asserts that complete diversity does not exist, that PSHC has not consented to the removal, and that his pending state court case is deeply intertwined with this case, such that the *Brillhart* factors weigh in favor of remand.  Motion at 2-3.  On January 25, 2019, the Court heard oral argument on the Motion and thereafter took the matter under advisement.  Dkt. No. 21.

2

## **LEGAL STANDARDS**

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  The defendant that seeks removal has the burden of establishing that removal was proper. *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011).

Under the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  District courts have discretion in whether to exercise jurisdiction under the Declaratory Judgment Act.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942).

In the Ninth Circuit, courts apply the discretionary standards articulated by the Supreme Court in *Brillhart*, and by the Ninth Circuit in *Government Employees Insurance Co. v. Dizol*.  133 F.3d 1220 (9th Cir. 1998) (*en banc*).  The factors to be considered in exercising discretion under the Declaratory Judgment Act are: (A) avoiding a needless determination of state law issues; (B) discouraging litigants from filing declaratory actions as a means of forum shopping; and (C) avoiding duplicative litigation.  *See Dizol*, 133 F.3d at 1225.  Courts may also weigh "other considerations," such as whether the declaratory action will settle all aspects of the case, clarify the legal relationships at issue, entangle the federal and state court

3

systems, and whether the action has been filed for advantageous procedural

purposes.  *Id.* at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145

(9th Cir. 1994)).  "In addition, the district court might also consider the

convenience of the parties and the availability and relative convenience of other

remedies."  *Id.*

## DISCUSSION

AIG argues that this Court has jurisdiction over this matter because (1)

"there is complete diversity of all <u>properly joined</u> parties, and Plaintiff seeks

damages exceeding the jurisdictional threshold"; (2) exercising jurisdiction is not

discretionary because the relief sought is not declaratory; (3) even if the decision to

exercise jurisdiction was discretionary, the balance tilts in favor of removal; and

(4) removal was procedurally proper.  Opp. at 1-3.  Because the Court finds that

McCorriston, the only in-state defendant, was improperly named, resulting in

complete diversity, removal was procedurally proper, and the *Brillhart* factors

counsel in favor of exercising jurisdiction, Greenspon's Motion for Remand is

DENIED.

## I.    There is Complete Diversity of Properly Joined Parties

Greenspon argues that because he is a citizen of Hawai'i and there is one in-

state defendant, McCorriston, complete diversity is defeated.  AIG concedes that

McCorriston is an in-state party.  However, AIG asserts that McCorriston was

4

fraudulently joined, and its presence therefore should not be considered when evaluating diversity.  Opp. at 7-8 (citing *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)).

Where a non-diverse defendant has been fraudulently joined, the court disregards that defendant for purposes of a diversity analysis.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2000).  Fraudulent joinder is established "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

The Complaint does not state a claim or even theory of liability against McCorriston.  Accordingly, at the January 25, 2019 oral argument, the Court inquired as to Greenspon's purpose and intent behind naming the law firm. Greenspon candidly stated that he had named McCorriston "out of an abundance of caution" and in order to "put them on notice" of the claims against their client, AIG.  Hr'g Tr. 7:11; Dkt. No. 19.  Indeed, Greenspon explicitly disclaimed that he intended to assert a cause of action against McCorriston: "I wasn't attempting to assert a claim or properly plead the elements of a claim, I was putting them on notice . . . that there's a *possible* cause of action as to their participation in what *could become* a bad faith claim either as an amendment to this complaint on remand or in another action."  *Id.* 11:8-14 (emphasis added).  In other words,

Greenspon confirmed what was evident from his Complaint—that he has no claim against McCorriston, that he did not intend to assert one, and that while he may one day assert one against the law firm, that day has not arrived.

As such, the Court finds that McCorriston was not properly joined.  Since the remaining defendants are completely diverse from Greenspon, and both sides agree that more than $75,000 is in controversy, the Court has subject-matter jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  *See e.g.* Compl. ¶¶1-3, 28-34; Motion at 22 (stating that Plaintiff is a resident of Hawaiʻi, the AIG entities are Illinois and Delaware corporations, and PSHC is a Delaware "entity").  Because subject-matter jurisdiction exists, the Court evaluates the procedural and discretionary jurisdiction issues presented by this Motion.

## II.   PSHC's Consent Was Not Required for Removal

Relying on 28 U.S.C. § 1446(b)(2), Greenspon argues that AIG's Notice of Removal was procedurally defective because AIG failed to obtain consent for removal from named defendant, PSHC.  Motion at 22-23.  To effectuate removal under 28 U.S.C. §1441, the removing defendant must provide notice of the removal to all parties and "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2).

PSHC did not join in AIG's removal nor did PSHC consent to removal. However, PSHC is not a properly joined defendant.  Once again, as was the case with McCorriston, the Complaint does not identify any claim or theory of liability against PSHC.  Further, upon questioning at oral argument, Greenspon readily acknowledged that PSHC was named as a defendant in order to "put them on notice" of this action, not to assert claims against them.  When afforded an additional opportunity to explain why PSHC, the insured, is named in this insurance coverage action, Greenspon responded, "it seemed in an abundance of caution . . . for the benefit of the doubt to include everybody and that way they can choose whether to appear or not."  Hr'g Tr. 5:5-10.

At the January 25, 2019 hearing, Greenspon suggested that PSHC might be a Rule 19 "necessary party."  *Id.,* 6:4.  Under Rule 19(a), a party is necessary if (1) the court "cannot accord complete relief among existing parties" in its absence, (2) resolving the action in the absence of the at-issue party will impair its ability to protect its interest, or (3) resolving the issue in its absence may leave an existing party subject to inconsistent obligations.  Fed.R.Civ.P. 19(a)(1)(A), (B).  Notwithstanding this guidance, "[t]here is no precise formula for determining whether a party is necessary to an action."  *Confederated Tribes of the Chehalis Indian Reservation v. Lujan,* 928 F.2d 1496, 1498 (9th Cir. 1991).

Greenspon offers no argument, statutory authority, or case law to support the assertion that the insured is a necessary party under Rule 19 in an insurance coverage case.  Indeed, relevant law indicates that when a party seeks to join a defendant under Rule 19, courts do not rely on labels and instead conduct a factual inquiry to determine whether the party is, in fact, necessary—that is, whether the court can fully resolve the dispute without that party's presence.  *See, e.g., In re Forty-Eight Insulations, Inc.,* 109 B.R. 315, 319 (N.D. Ill. 1989).  Here, review of the facts provided in the Complaint and in the Motion indicates that PSHC has no lingering role to play in the determination of whether AIG must indemnify Greenspon.  *See, e.g., Western Cas. & Sur. v. Beverforden,* 93 F.2d 166, 168-169 (8th Cir. 1937) (declaratory action brought by insurance company against injured party who had recovered judgment against insured, deciding that insured is not required to be joined under Uniform Declaratory Judgment Act because insurer had no dispute with insured); *Sparta Ins. Co. v. Poore*, 2013 WL 6243707, at *6 (N.D. Ala. 2013) (citing various cases for the proposition that the insured is not always a necessary party); *Royal Ins. Co. of Am. v. Caleb V. Smith & Son, Inc.,* 1997 WL 835058, at *3 (D. Conn. 1997) ("courts have held in a variety of circumstances that not all insureds must be joined in a declaratory judgment action"); *Okada v. MGIC  Indem. Corp.,* 608 F.Supp. 383, 390 (D. Haw. 1985), *superceded on other grounds,* 823 F.2d 276 (9th Cir.1986) (concluding that

insureds were not required parties in suit by co-insureds against insurer in part because the absent insureds may have participated in different acts, requiring a separate determination of coverage based on different factual allegations in underlying lawsuits.).  When pressed to explain otherwise, Greenspon stated, "[t]here might be some other relief afforded by the state court.  For example, if necessary an assignment of [PSHC's] rights under the policy to me."  True or not, the Court is not satisfied that Greenspon has articulated why proceeding without PSHC would prejudice that entity, or why this Court would be unable to accord complete relief without PSHC's presence.[1]

PSHC is not a properly named defendant, nor is it a necessary party under Rule 19.  As a result, AIG's failure to obtain PSHC's consent to removal does not render the removal procedurally defective.

### III.   The *Brillhart* Factors Weigh in Favor of Exercising Jurisdiction

Although the parties dispute (Opp. Br. at 11-17; Reply at 1-8) whether this action is properly characterized as coercive or declaratory—and therefore whether this Court must or may exercise jurisdiction—the issue is moot because the

---

[1] The Court notes that Defendants also challenge whether PSHC even exists.  Opp. at 27-28. Among other things, they anecdotally assert as evidence that it does not Greenspon's ability to obtain a default and default judgment against PSHC in his state court wrongful foreclosure action.  The Court finds it presently unnecessary to reach this question.

*Brillhart* factors, which both sides concur are applicable,[2] counsel in favor of

retaining jurisdiction here.

    A.    *Avoiding Needless Determination of State Law Issues*

       The first *Brillhart* factor asks whether the retention of jurisdiction is likely to

result in this Court needlessly determining state law issues.  "A needless

determination of state law may involve an ongoing parallel state proceeding

regarding the precise state law issue, an area of law Congress expressly reserved to

the states, or a lawsuit with no compelling federal interest (e.g., a diversity

action)."  *Keown v. Tudor Ins. Co.,* 621 F. Supp. 2d 1025, 1031-32 (D. Haw.

2008) (citing *Continental Case. Co. v. Robsac Indus.,* 947 F.2d 1367, 1371-72 (9th

Cir. 1991), overruled in part on other grounds by *Dizol,* 133 F.3d at 1225).  When

state law is unclear, "[a]bsent a strong countervailing federal interest, the federal

court should not elbow its way ... to render what may be an 'uncertain' and

'ephemeral' interpretation of state law."  *Allstate Ins. Co. v. Davis*, 430 F. Supp. 2d

1112, 1120 (D. Haw. 2006) (citing *Mitcheson v. Harris,* 955 F.2d 235, 238 (4th

Cir. 1992)).

       The legal issues presented here involve the interpretation of a Directors and

Officers insurance policy issued by AIG.  Greenspon asserts that resolution of the

---

[2]To be more precise, AIG acknowledges that the *Brillhart* factors apply if this action is considered as one seeking declaratory relief, a characterization which they dispute.

matter will require a determination of whether "wrongful foreclosure is a 'deliberately dishonest' act" which is an "unsettled issue of state law."[3] Reply at 10.

Insurance is an area of law that Congress has expressly reserved to the states and which generally involves no compelling federal interest. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Simpson Mfg. Co.,* 829 F. Supp. 2d 914, 922 (D. Haw. 2011) (citing 15 U.S.C. §§1011–12). However, this action does not appear to require this Court to address unsettled issues of state contract interpretation or insurance law. Courts in this district, including this one, have, on numerous occasions, interpreted insurance policies pursuant to state law to determine the scope of an insurer's indemnification obligations and duties to defend. *Allstate*, 430 F. Supp. 2d at 1120; *see, e.g., Maui Land & Pineapple Co. v. Liberty Ins. Underwriters Inc.,* 2018 WL 1613777, at *1 (D. Haw. 2018); *Gemini Ins. Co. v. ConstRX Ltd.*, 345 F. Supp. 3d 1270 (D. Haw. 2018). That responsibility is aided here by the findings and conclusions (Motion, Ex. 2) entered by the state court in the already-concluded proceeding through which Greenspon obtained the underlying judgment against PSHC, AIG's insured. As such, the first *Brillhart*

---

[3]Greenspon also alleges that a new parallel state action "may likely be brought" in state court, which involves "unsettled issues of state insurance law, particularly whether a third-party can bring a bad faith and UDAP claim against an intransigent D&O insurer." Reply at 10-11. Since the referenced action (and, therefore, the referenced issue) is a hypothetical one, the Court does not consider it for purposes of evaluating this *Brillhart* factor.

factor weighs against remand.  *See also Dizol*, 133 F.3d at 1225 ("there is no

presumption in favor of abstention in declaratory actions generally, nor in

insurance coverage cases specifically").

> B.     *Forum Shopping*

The second *Brillhart* factor is neutral.  Removal of this action to federal

court does not constitute forum shopping because there is statutory authority to

support the removal based on diversity jurisdiction, and Greenspon offers nothing

remotely evidencing gamesmanship by Defendants as a motive behind their

election.  *First State Ins. Co. v. Callan,* 113 F.3d 161, 162 (9th Cir.

1997)("Although occasionally stigmatized as 'forum shopping,' the desire for a

federal forum is assured by the constitutional provision for diversity jurisdiction

and the congressional statute implementing Article III.").  Accordingly, the Court

finds that this factor is neutral and does not weigh in favor of exercising

jurisdiction or remanding.

> C.     *Duplicative Litigation*

The third *Brillhart* factor, avoiding duplicative litigation, favors retaining

jurisdiction.  Greenspon claims the existence of duplicative legislation: a state suit

he initiated in 2011 against Deutsche Bank and Cal-Western, a subsidiary of

PSHC, for wrongful foreclosure.  Reply at 8; Opp. at 3-4 (discussing Civ. No. 17-

1-000090 currently being litigated in the Second Circuit of Hawai'i).  However,

after considering the underlying complaint and the parties' arguments at the hearing, the Court is unpersuaded that retaining jurisdiction will result in duplicative litigation.

Greenspon asserts that the state court suit is "inextricably intertwined with the same factual and state legal issues… as AIG Specialty's defenses and assertions of exclusion to Policy coverage that are the central issues in [the instant] action." Reply at 9.  Specifically, Greenspon argues that AIG's coverage defense in this suit asserts that PSHC committed an intentional tort in wrongfully foreclosing on Greenspon's property—a characterization of wrongful foreclosure that Deutsche Bank contests in the state court suit.  Reply at 8.

The Ninth Circuit has held that "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F. 3d at 1225.  "[D]uplicative litigation may be a concern if [the district court's] determination regarding [an insurer's] duties hinges on a finding that will also be addressed in the state court." *Allstate*, 430 F. Supp. 2d at 1121.

Greenspon's argument makes it apparent that the two cases do not constitute duplicative litigation.  Neither AIG nor PSHC is a party in the state court Deutsche

Bank suit; nor is Deutsche Bank a defendant in the action before this Court.[4]

Moreover, the two cases do not involve overlapping legal issues. More

specifically, the state court case addresses only whether Deutsche Bank and other

defendants not parties here wrongfully foreclosed on Greenspon's property. The

state court in Greenspon's suit against Deutsche Bank is not being asked to

determine (or to characterize) PSHC's conduct, nor is the state court being

presented with the question of whether AIG has a duty to indemnify anyone based

on the D&O policy it issued to PSHC. In fact, the relevant factual findings as to

PSHC's conduct with respect to Greenspon have already been made: Greenspon's

2014 lawsuit against PSHC was resolved on March 14, 2018 and included Findings

of Fact, Conclusions of Law and Final Judgment. Motion, Ex. 2.[5]

    As such, the record does not establish that Greenspon's other state court

proceeding constitutes a parallel state court action or would require this Court to

engage in duplicative litigation. This factor therefore also weighs in favor of

retaining jurisdiction.[6]

---

[4]Greenspon asserts that a subsidiary of PSHC is a party to the Deutsche Bank suit. Reply at 10 (identifying Cal-Western, a party in the Deutsche Bank suit, as "PSHC's severally liable insured subsidiary.") Cal-Western, however, is not named in the instant suit.

[5]Nonetheless, if there is an actual controversy regarding the nature of PSHC's conduct and the proper interpretation of wrongful foreclosure in state court, as Greenspon argues, the Court can opt to defer a decision on indemnification until the relevant question is resolved in the state court proceedings.

[6]As set forth above, this Court may also consider non-*Brillhart* factors in evaluating whether the exercise of jurisdiction is appropriate. *See supra* at 3-4. But little evidence or argument has

## CONCLUSION

Satisfied that subject-matter jurisdiction exists and that removal was procedurally proper, the Court finds that the balance of discretionary factors favor exercising jurisdiction over the matter.  The Motion to Remand is therefore DENIED.

IT IS SO ORDERED.

Dated: February 25, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---------------------------------------------------------------------------------------------------
*Greenspon v. AIG et al*; CV 18-00448 DKW-RLP; **ORDER DENYING MOTION TO DECLINE JURISDICTION AND REMAND**

---

been presented beyond *Brillhart,* and certainly nothing that is sufficiently compelling to override the outcome of the Court's *Brillhart* review.

15