IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Michael C. Greenspon, | ) | CV 18-00448DKW-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AIG Specialty Insurance Co. Chartis Specialty Insurance Co., | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **RULE 16 SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16 and LR 16.2, a scheduling conference was held on March 12, 2019, before the Honorable Richard L. Puglisi, United States Magistrate Judge. Appearing at the conference were Michael C. Greenspon, *Pro Se* and Lisa W. Cataldo, Esq.

Pursuant to Fed. R. Civ. P. 16(e) and LR 16.3, the Court enters this scheduling conference order:

## **TRIAL AND PRETRIAL CONFERENCE SCHEDULING:**

**1.** **NON-JURY** trial in this matter will commence before the Honorable Derrick K. Watson, United States District Judge on July 13, 2020, at 9:00 AM.

**2.** A final pretrial conference shall be held on June 2, 2020, at 9:00 AM before the Honorable Richard L. Puglisi, United States Magistrate Judge.

**3.** (RESERVED)

4.   Pursuant to LR 16.6, each party herein shall serve and file a separate final pretrial statement by May 26, 2020.

**MOTIONS:**

5.   All motions to join additional parties or to amend the pleadings shall be filed by December 13, 2019.

6.   Other non-dispositive motions, except for motions in limine and discovery motions, shall be filed by April 15, 2020.

7.   Dispositive motions shall be filed by February 12, 2020.

8.   Motions in limine shall be filed by June 23, 2020.

Any opposition memorandum to a motion in limine shall be filed by June 30, 2020.

**DISCOVERY**:

9.   Unless and until otherwise ordered by the Court, the parties shall follow the discovery plan agreed to by the parties herein pursuant to Fed. R. Civ. P. 26(f).

10.   (RESERVED)

11.   Pursuant to Fed. R. Civ. P. 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. The disclosures pursuant to this paragraph shall be according to the following schedule:

   a.   All plaintiffs shall comply by January 13, 2020.

   b.   All defendants shall comply by February 12, 2020.

Disclosure of the identity and written report of any person who may be called solely to

contradict or rebut the evidence of a witness identified by another party pursuant to subparagraphs a and b hereinabove shall occur within thirty (30) days after the disclosure by the other party.

12. Pursuant to Fed. R. Civ. P. 16(b)(3) and LR 16.2(a)(6), the discovery deadline shall be May 15, 2020. Unless otherwise permitted by the Court, all discovery pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive must be completed by the discovery deadline. Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive and LR 26.1, 26.2 37.1 shall be heard no later than thirty (30) days prior to the discovery deadline.

**SETTLEMENT:**

13. No settlement conference set at this time.

14. (RESERVED)

15. (RESERVED)

**TRIAL SUBMISSIONS:**

16. (RESERVED)

17. (RESERVED)

18. (RESERVED)

19. (RESERVED)

20. (RESERVED)

**WITNESSES:**

**21.** By June 23, 2020, each party shall serve and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial and describing concisely the substance of the testimony to be given and the estimated time required for the testimony of the witness on direct examination.

**22.** The parties shall make arrangements to schedule the attendance of witnesses at trial so that the case can proceed with all due expedition and without any unnecessary delay.

**23.** The party presenting evidence at trial shall give notice to the other party the day before of the names of the witnesses who will be called to testify the next day and the order in which the witnesses will be called.

**EXHIBITS:**

**24.** By June 16, 2020, the parties shall premark for identification all exhibits and shall exchange or, when appropriate, make available for inspection all exhibits to be offered, other than for impeachment or rebuttal, and all demonstrative aids to be used at trial.

**25.** The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits by June 23, 2020.

**26.** The parties are not required to file a statement of objections to exhibits.

**27.** The original set of exhibits and two copies (all in binders) and a list of all exhibits shall be submitted to the Court the Thursday before trial.

**DEPOSITIONS:**

**28a.** By June 23, 2020, the parties shall serve and file statements designating excerpts

from depositions (specifying the witness and page and line referred to) to be used at trial other than for impeachment or rebuttal.

    **b.**    Statements counter-designating other portions of depositions or any objections to the use of depositions shall be served and filed by June 30, 2020.

    **TRIAL BRIEFS:**

**29.**    By June 30, 2020, each party shall serve and file a trial brief on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, setting forth briefly the party's position and the supporting arguments and authorities.

    **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

**30.**    Each party shall serve and file proposed findings of fact and conclusions of law by June 30, 2020.

**OTHER MATTERS:** None

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, March 12, 2019.



    _____
    Richard L. Puglisi
    United States Magistrate Judge

Michael C. Greenspon vs. AIG Specialty Insurance Co. Chartis Specialty Insurance Co.; CV 18-00448DKW-RLP; Rule 16 Scheduling Order

## PREAPPROVED NOTICE TO PRO SE LITIGANTS

## (REQUIRED PURSUANT TO LR99.56.2)

(Revised 4/2016)

Defendant(s) may or have moved for summary judgment pursuant to Federal Rules of Civil Procedure 56, or to dismiss the case for failure to exhaust prison administrative remedies pursuant to Rule 12(b).  Notice must be provided to pro se prisoners regarding the requirements for opposing such motions at the time they are filed.  *See Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012).  Local Rule LR99.56.2 requires the moving party to file a separate notice that advises pro se prisoners in ordinary, understandable language of the requirements for opposing such motions.  Plaintiff is hereby NOTIFIED of his or her opportunity to develop a record in response to either type of motion.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (requiring notice to pro se prisoners of opportunity to develop record to oppose Rule 12(b) motions to dismiss for failure to exhaust administrative remedies); *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (*en banc*) (requiring notice be given to pro se prisoners of the opportunity and requirements to oppose motions for summary judgment).

Rule 56 explains what you must do to oppose motions for summary judgment or motions to dismiss for failure to exhaust administrative remedies.  Generally, judgment must be granted when there is no genuine issue of material fact - that is, if there is no real

dispute about any fact that would affect the result of your case, the party moving for summary judgment or to dismiss for failure to exhaust is entitled to judgment as a matter of law.

When a party you are suing makes a motion for summary judgment or to dismiss for failure to exhaust administrative remedies that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  You must set forth specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), contradicting the facts shown in the defendant's declarations and documents and showing that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

All parties, pro se or not, must comply with the Local Rules for the District of Hawaii.  Local Rule LR56.1 sets out the local requirements for summary judgment motions and oppositions to such motions.  To oppose a motion, you must file a concise statement that accepts the moving parties' concise statement, or sets forth the material facts to which you contend there is a genuine issue necessary to be litigated.  When preparing your separate concise statement, you must reference only the material facts that are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation

to a particular affidavit, deposition, or other document that supports your interpretation of the material fact.  Documents referenced in the concise statement shall not be filed in their entirety. Instead, you shall extract and highlight only the relevant portions of each referenced document.  Photocopies of extracted pages, with appropriate identification and highlighting will be adequate. The concise statement shall be no longer than five (5) pages.

When resolving motions, the court has no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statement.  If necessary, you may request further guidance from the court regarding the requirements of Fed. R. Civ. P. 56 and LR 56.1.