Michael C. Greenspon, *pro se*
1135 Makawao Ave Ste 103 #321
Makawao, HI 96768
t (510) 502-2503
mcg@mauinetworks.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. GREENSPON,<br>　　Plaintiff,<br><br>　　vs.<br><br>AIG SPECIALTY INSURANCE CO F/K/A CHARTIS SPECIALTY INSURANCE CO.; AMERICAN INTERNATIONAL GROUP, INC.; PROMMIS SOLUTIONS HOLDING CORP. N/K/A OLD ALABAMA CLOSING CORP.; MCCORRISTON MILLER MUKAI MACKINNON LLP; DOES 10-30.<br><br>　　Defendants. | CIVIL NO. 18-00448-DKW-RLP<br><br>**MEMORANDUM<br>IN SUPPORT OF MOTION** |

# SUBJECT INDEX

I. INTRODUCTION ........................................................................................... 1

II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ................... 2

III. LEGAL STANDARD ..................................................................................... 4

IV. ARGUMENT .................................................................................................. 4

   A. IN THE INTERESTS OF WISE JUDICIAL ADMINISTRATION, THIS COURT IS REQUESTED TO RECONSIDER AND DECLINE TO EXERCISE JURISDICTION OVER THIS DECLARATORY JUDGMENT ACTION GIVEN THE PENDENCY OF NEW STATE COURT PROCEEDINGS ADDRESSING ISSUES OF STATE LAW THAT SHOULD BE DECIDED BY THE HAWAII SUPREME COURT ........................................................................................ 4

IV. CONCLUSION. ............................................................................................. 8

# TABLE OF AUTHORITIES

## CASES

*American States Ins. Co. v. Kearns*,
 15 F.3d 142 (9th Cir. 1994) ................................................................7

*Brillhart v. Excess Ins. Co. of America*,
 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) ..........................1, 3

*Continental Cas. Co. v. Robsac Industries*,
 947 F.2d 1367 (9th Cir. 1991) ............................................................7

*Donaldson v. Liberty Mut. Ins. Co.*,
 947 F. Supp. 429 (D. Haw. 1996) ......................................................4

*Employers Reinsurance Corp. v. Karussos*,
 65 F.3d 796 (9th Cir. 1995) ...............................................................7

*Government Employees Ins. Co. v. Dizol*,
 133 F.3d 1220 (9th Cir. 1998) ...........................................................7

*Great Hawaiian Financial Corp. v. Aiu*,
 116 F.R.D. 612, 616 (D.Hawai`i 1987) ..............................................4

## RULES

FRCP Rule 60(b)(2) ...............................................................................1

HRCP Rule 60(b)(4)...............................................................................1

# DECLARATION EXHIBITS

Description                                                                                                       Tab

03/25/2019 AIG's New State Court Action, 2cc Civ. S.P. 19-1-0015(3) ........... 1
04/17/2019 Plaintiff's Counterclaim in AIG's New State Court Action ............ 2
04/15/2019 Plaintiff's MSJ Re: AIG's New State Court Action ........................ 3
03/25/2019 AIG's "Statement of Opposition" in 2014 Lawsuit ........................ 4
04/01/2019 Plaintiff's Reply to AIG's Opposition in 2014 Lawsuit .................. 5
04/09/2019 Plaintiff's Motion to Consolidate New Action with 2014 Lawsuit . 6
04/17/2019 Plaintiff's Supplemental Declaration in Support of Rule 60 Mtn .... 7

**MEMORANDUM IN SUPPORT OF MOTION**

I. **INTRODUCTION**

On March 25, 2019, Defendant in this proceeding AIG Specialty Insurance Co. ("AIG") filed a new State court action allegedly pursuant to HRCP Rule 60(b)(4) and (6), 2cc Civ. S.P. 19-1-0015(3), *AIG v. Greenspon* ("**New Action**"), desperately seeking to set aside the 2014 Lawsuit Final Judgment on which this declaratory action for insurance coverage is based in order to avoid its obligation to pay Plaintiff's valid claims on its D & O Policy. Exhibit 1.

On April 17, 2019, Plaintiff herein filed a counterclaim in the New Action for declaratory judgment of insurance coverage based on new facts, *infra*, and also including new claims for insurer bad faith breach of duty and unfair and deceptive practices in violation of HRS §§ 480 against AIG, and also a Motion for Summary Judgment on AIG's claims. Exhibits 2 and 3.

As there is now a new pending State proceeding regarding the same subject matter as the instant action for a declaratory judgment of insurance coverage, and the Defendant AIG in this proceeding has also belatedly intervened and intertwined itself in the State court 2014 Lawsuit giving rise to the Final Judgment that is the subject of the instant action, the Court is respectfully requested to reconsider its Order [22] and to reweigh the *Brillhart* factors as well as the inconvenience and prejudice to the *pro se* Plaintiff in light of the new State court proceedings and to

remand or, alternatively, stay this proceeding pending resolution of the matter in State court where it belongs.

## II.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On March 14, 2018, Plaintiff obtained a Final Judgment for damages and Findings of Fact/Conclusions of Law ("FOF/COL") in a State court action in the Hawaii Second Circuit Court, Civ. 14-1-0018(2), *Greenspon v. Prommis Solutions Holding Corp., et al.* ("**2014 Lawsuit**") against the defendants Prommis Solutions Holding Corp. ("**PSHC**"), also a Defendant hereto, its wholly-owned operating subsidiary Cal-Western Reconveyance Corp. ("**Cal-Western**"), and its successor holding company Prommis Holdings, LLC ("**Holdings**".) PSHC is wound-up and both Holdings and Cal-Western are dissolved.

On April 11, 2018, Plaintiff presented a Claim and demand for settlement based on the 2014 Lawsuit Final Judgment and FOF/COL to PSHC's D & O insurance carrier, Defendant AIG.

On June 1, 2018, AIG rejected Plaintiff's claim and demand, falsely asserting that PSHC's D & O insurance Policy does not provide coverage for Plaintiff's claims. On September 12, 2018, AIG further rejected Plaintiff's amended June 12, 2018 claim and demand. Thus, Plaintiff was compelled to file the instant action seeking a declaration of coverage on the PSHC D & O Policy.

On September 17, 2018, the *pro se* Plaintiff filed the instant action in the State of Hawaii Second Circuit Court where he resides as Civ. 18-1-0374(2), *Greenspon v. AIG et al.* ("Coverage Action".)

On November 18, 2018, Defendant AIG removed this action to this Court based on diversity jurisdiction.

On February 25, 2019, this Court entered an Order [22] denying Plaintiff's November 30, 2018 Motion to Decline Jurisdiction and Remand. The Order addressed the *Brillhart* factors but did not address the inconvenience of the venue and prejudice to the *pro se* Plaintiff.

Particularly, the Order [22] p.11 at n3 did not consider the "hypothetical" action that has in fact become a reality with AIG's filing of the New Action in State court and Plaintiff's filing of a counterclaim for insurer bad faith and unfair/deceptive consumer trade practices.

On March 25, 2019 as aforesaid, Defendant AIG filed the New Action in State court, and on April 17, 2019, Plaintiff filed a counterclaim.

Additionally, also on March 25, 2019, AIG has intertwined itself in the factual issues of the 2014 Lawsuit by filing a "Statement of Opposition" to Plaintiff's March 13, 2019 Rule 60 Motion to Amend the FOF/COL based on its assertions of a void Final Judgment raised in its New Action. Exhibits 4-5.

On April 9, 2019, Plaintiff in the 2014 Lawsuit filed a Motion to Consolidate AIG's New Action with the 2014 Lawsuit. <u>Exhibit 6</u>.

Thus, since the Court's Order [22] on February 25, 2019, AIG has filed the New Action and injected itself into the reopened underlying State court tort action on which the instant action is based.

### III. LEGAL STANDARD

> The law is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D.Hawai`i 1987) (citations omitted). Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; **(2) the discovery of new evidence not previously available**; and (3) **the need to** correct clear or manifest error in law or fact, to **prevent manifest injustice**. Id. The District of Hawaii has implemented these standards in Local Rule [60.1].

*Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429 (D. Haw. 1996) (emphases added.)

### IV. ARGUMENT.

    **A. IN THE INTERESTS OF WISE JUDICIAL ADMINISTRATION, THIS COURT IS REQUESTED TO RECONSIDER AND DECLINE TO EXERCISE JURISDICTION OVER THIS DECLARATORY JUDGMENT ACTION GIVEN THE PENDENCY OF NEW STATE COURT PROCEEDINGS ADDRESSING ISSUES OF STATE LAW THAT SHOULD BE DECIDED BY THE HAWAII SUPREME COURT**

4

In light of the New Action filed in State court by AIG and Plaintiff's counterclaim for insurer bad faith and UDAPs, as summarized by the State court pleadings and filings attached as exhibits hereto, it is appropriate that the Court reweigh the *Brillhart* factors and reconsider its Order[22].

Particularly, AIG's New Action is based on AIG's false assertions that the 2014 Lawsuit Final Judgment is void as to defendant insured Cal-Western for want of service, despite AIG's knowledge that Cal-Western was duly served with the 2014 Lawsuit FAC via its California designated agent NRAI on 07/08/2014. Exhibit 3. Further, AIG was a creditor in the 2013 Delaware bankruptcy proceeding of Cal-Western and Holdings and thus has had actual notice of the 2014 Lawsuit since 02/03/2014, and has had actual notice of the 2014 Lawsuit FAC and Plaintiff's claims on the Policy since at least 04/29/2016. Despite its knowledge, AIG failed to defend its insureds PSHC, Cal-Western and Holdings in the 2014 Lawsuit and knowingly allowed the Final Judgment to be entered against them. Now, AIG belatedly seeks to set aside the Final Judgment as void pursuant to HRCP Rules 60(b)(4) and (6). AIG's New Action is frivolous and is further evidence of AIG's bad faith avoidance of its obligation to pay Plaintiff's valid Claim on its Policy.

Plaintiff's counterclaim in the New Action seeks damages for AIG's bad faith breach of its duty to its insureds including PSHC and for unfair/deceptive acts

towards Plaintiff as a consumer claimant. Additionally, the New Action counterclaim seeks a declaratory judgment of coverage based on *amended* FOF/COL in the 2014 Action as indicated by *new evidence* withheld and belatedly produced by Cal-Western's principal CIT Bank, NA ("CIT") f/k/a OneWest Bank, FSB ("OneWest") showing that, contrary to AIG's assertions of coverage exclusions, Cal-Western's conduct was reckless but not "deliberately fraudulent" as it merely relied on the authority given by its principal CIT.

Thus, the nascent State law issues of Plaintiff's rights as a third-party claimant and judgment creditor of the insured to bring bad faith and UDAP claims against the wound-up judgment debtor's liability insurer are best decided by the Hawaii State courts and this Court is respectfully requested to reconsider its Order and to remand this case in light of these new procedural facts. Proceeding in the instant case would clearly be duplicative of the pending State court litigation and would be a waste of this Court's judicial resources because the New Action counterclaim also addresses the same coverage issues based on new facts and evidence. Thus, this case should be remanded so as to avoid duplicative litigation.

Additionally, as there are now three interrelated State court proceedings involving AIG and/or its insureds in the Hawaii Second Circuit on Maui where the *pro se* Plaintiff resides, it is extremely inconvenient, unfair and burdensome to Plaintiff to attempt to prosecute this action in this venue on Oahu under federal

rules and precedent while simultaneously pursuing the State court actions on Maui based on State law. The Court's Order did not address this factor of convenience at all although *Dizol* at n5 (citing *American States Ins. Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994)) suggests it might.

The foregoing factors of parallel and factually intertwined State court proceedings, needless determination of State law issues, duplicative litigation, judicial economy and wise administration, and inconvenience of this forum and prejudice to the *pro se* Plaintiff were each adequately addressed and argued by Plaintiff's Motion [10] and Reply [16] as well as at the January 25, 2019 hearing based on *Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367 (9th Cir. 1991); *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998); *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995). As the Order [22] does not explicitly articulate any federal interest in this matter, all of the foregoing factors counsel in favor of this Court declining jurisdiction and remanding the case.

Thus, based on the foregoing and in light of the new procedural facts as shown by the attached exhibits, it is appropriate that the Court reconsider its Order [22].

## IV. CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that this Motion be granted and that this declaratory insurance coverage action be remanded to the Circuit Court of the Second Circuit, State of Hawaii.

DATED: Haʻiku, Hawaii, April 18, 2019

/s/ Michael C. Greenspon
Plaintiff *pro se*