IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| MICHAEL C. GREENSPON, | Case No. 18-cv-00448-DKW-WRP |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION TO 1) RECONSIDER MOTION TO REMAND OR 2) STAY PROCEEDINGS PENDING STATE COURT ACTION** |
| AIG SPECIALTY INSURANCE CO F/K/A CHARTIS SPECIALTY INSURANCE CO.; AMERICAN INTERNATIONAL GROUP, INC.; PROMMIS SOLUTIONS HOLDING CORP. N/K/A OLD ALABAMA CLOSING COPR.; MCCORRISTON MILLER MUKAI MACKINNON LLP; and DOES 10-30, | |
| Defendants. | |

Before the Court is pro se Plaintiff Michael Greenspon's motion for reconsideration of the denial of remand or to stay proceedings. Dkt. No. 38. The Court finds these matters suitable for disposition without a hearing, pursuant to Local Rule 7.2(d). For the reasons discussed below, Greenspon's alternative requests are DENIED.

**PROCEDURAL BACKGROUND**

Greenspon's Complaint, originally filed in state court, seeks a declaratory judgment regarding AIG's and AIG Specialty's insurance coverage obligations

1

with respect to a default judgment entered in Greenspon's favor in a 2014 state-court lawsuit (2014 Lawsuit) against AIG's insured, Prommis Solutions Holding Corp (PSHC), and Prommis' wholly owned subsidiary, Cal Western.  *Id.,* Ex. 1.

In November 2018, Defendants American International Group (AIG), AIG Specialty, and McCorriston, Miller, Mukai, MacKinnon LLP (M4) removed this action to this Court.  Dkt. No. 1.  Greenspon filed a Motion to Remand based on: (1) lack of jurisdiction because of the incomplete diversity of the parties and (2) discretionary considerations, including the existence of duplicative, intertwined state-court matters.  Dkt. No. 10.  On February 25, 2019, this Court denied Greenspon's Motion for Remand (February 2019 Order), concluding, *inter alia*, that (1) Greenspon had not asserted a claim against the sole in-state party, M4, rendering the law firm's presence as a defendant improper and resulting in its exclusion when determining diversity; and (2) Greenspon's *pending* state-court matters against defendants other than those named here did not relate directly to the declaratory judgment action before this Court, and the only possibly related state-court matter, the 2014 Lawsuit, was no longer pending, having concluded with the entry of default judgment.  Dkt. No. 22.

On March 13, 2019, Greenspon moved in state court to amend the findings of facts and conclusions of law in the previously-concluded 2014 Lawsuit.

Defendant's Opposition to Motion to Remand (Opp.), Dkt. No. 45, at 4. The state court promptly denied the motion to amend. *Id.* at 5. On March 25, 2019, Defendant AIG, who was not party to the 2014 Lawsuit, initiated a Special Proceeding (2019 Special Proceeding) in state court to set aside the default judgment in the 2014 Lawsuit as it relates to Cal-Western. *Id.* Greenspon thereafter counterclaimed against AIG in the 2019 Special Proceeding asserting some claims similar to those in the declaratory judgment action before this Court. *Id.* at 6. The state court consolidated the 2014 lawsuit with the 2019 Special Proceeding (Consolidated State Court Proceeding). *Id.* at 7.

Pending in the Consolidated State Court Proceeding are Greenspon's motion for summary judgment as to AIG's complaint seeking to set aside the default judgement against Cal Western and AIG's Motion to Dismiss Greenspon's counterclaims. *Id.* On April 18, 2019, Greenspon filed the instant "Motion to 1) Reconsider Motion to Remand or 2) to Stay Proceedings Pending State Court Action" (Motion). Dkt. No. 38.

## LEGAL STANDARD

*Motion for Reconsideration*

Pursuant to LR60.1, motions seeking reconsideration of interlocutory orders may only be brought on the basis of newly discovered material facts not previously

available, an intervening change in law, or manifest error of law or fact. Where reconsideration is sought based on manifest error, the motion must be brought within 14 days of the order it challenges. *Id*.

*Motion for Stay*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court[.]"). When a stay is requested because of pending proceedings that bear on the case, the Court may grant a stay in the interests of the efficiency of its own docket and fairness to the parties. *See Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Mediterranean Enters., Inc. v. Sangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before

it, pending resolution of independent proceedings which bear upon the case.").

The Ninth Circuit has set out the following framework for analyzing motions to stay, pending resolution of related matters:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (9th Cir. 2005) (quoting *CMAX*, 300 F.2d at 268).

## DISCUSSION

Greenspon's motion for reconsideration relies on the existence of new facts in the form of a new parallel state court action, the Consolidated State Court Proceeding. Motion at 2. Defendants argue that the Consolidated State Court Proceeding does not justify reconsideration because Greenspon purposefully created it to evade this Court's jurisdiction. Opp. at 7.

None of the LR60.1 justifications for reconsideration of an interlocutory order are present. Greenspon does not allege an intervening change in law, nor could he allege manifest error, given the timing of his reconsideration request.[1]

---

[1] A manifest error argument could only be advanced within 14 days of the Court's February 25,

The only possible basis for reconsideration then is the "discovery of new material facts not previously available." LR60.1(a).

Here, Greenspon argues that the Consolidated State Court Proceeding, described above, constitutes a parallel state court proceeding that should be considered a "new material fact," warranting re-weighing of the *Brillhart* factors.[2] The Court already considered the effect of parallel state proceedings when initially evaluating the *Brillhart* factors and denying remand. February 2019 Order at 13-14 ("…the record does not establish that Greenspon's other state court proceedings constitutes a parallel state court action or would require this Court to engage in duplicative litigation.") The Court noted that Greenspon's case against Deutsche Bank did not constitute a parallel proceeding because it involved different defendants and was not an insurance coverage case, as is the instant action. *Id.* Additionally, the Court found that the 2014 Lawsuit did not constitute a parallel state proceeding *because it had been concluded* by the time Greenspon initiated this action. *Id*.

---

2019 remand order, and Greenspon's April 18, 2019 motion for reconsideration clearly does not qualify. LR60.1.

[2] In his original motion seeking remand, Greenspon advanced two other arguments in addition to *Brillhart* -- that the presence of an in-state party defeated complete diversity and that the failure to obtain consent to removal from a defendant rendered removal procedurally defective. Because these additional arguments are unaffected by the existence of or issues presented in the Consolidated State Court Proceeding, the Court limits its reconsideration discussion to whether the arguably parallel state court proceeding influences the *Brillhart* outcome.

The Court acknowledges that the Consolidated State Court Proceeding represents a partial reopening of the 2014 Lawsuit. However, that partial reopening only since March has also already partially closed, in the form of the state court's denial of Greenspon's motion to amend the judgment. Moreover, coverage is the crux of this case. The Court will base its coverage decisions on the current state of the record, not on the impossible-to-quantify chance that the state court judgment on which coverage appears to at least be partially based may be altered or set aside at some unspecified date.

Greenspon also points to the inconvenience caused by the mushrooming of state-court proceedings. Motion at 6-7. But here again, such a change is insufficient to warrant reconsideration. At the time of the February 2019 Order, Greenspon was already litigating his Deutsche Bank case in state court while also litigating in this Court. February 2019 Order, at 14. The Court decided that this inconvenience to Greenspon did not warrant remand. *Id.* The addition of another action in state court does not change the degree of inconvenience to Greenspon— because the additional state court proceeding he relies on is being litigated in his home state court circuit on Maui. Greenspon fails to explain how another action close to his home increases his claimed inconvenience of having to litigate in federal court on Oahu. Further, Greenspon's cited change of circumstances

warrants even less consideration, given that Greenspon himself is responsible for most of the additional state court proceedings. The Court declines to allow a movant seeking reconsideration of remand to create the conditions on which the reconsideration request is based. For a similar reason, the Court ascribes little meaning or import to the overlapping coverage claims that are present here and in Greenspon's newly-filed counterclaims in state court. The overlap exists precisely because Greenspon created the overlap by filing the counterclaims after this Court's February 2019 denial of remand. Such apparent gamesmanship and opportunism are not bases for reconsideration under this Court's rules, nor any other with which this Court is familiar.

By the same token, the present circumstances do not warrant the exercise of this Court's discretion in favor of a stay. Waiting on state court rulings would create unnecessary delay. Nor is there any reason to delay, given the absence of any clear evidence that such rulings would materially affect the questions that this Court is being asked to decide. Further, the coverage claims presented here existed *before* those recently filed by Greenspon as part of his state court counterclaims against AIG. In short, the fair and efficient administration of justice requires this Court to proceed, not to await the outcome of state court proceedings.

**CONCLUSION**

For the foregoing reasons, Greenspon's motion for reconsideration of this Court's denial of remand is DENIED. Greenspon's alternative request to stay this litigation, pending the outcome of the Consolidated State Court Proceeding is also DENIED.

IT IS SO ORDERED.[3]

Dated: May 13, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

[3]In so ruling, the Court grants Greenspon's ex parte request for leave to file a supplemental declaration (Dkt. No. 48). The Court has considered the additional *facts* set forth in the supplemental declaration, in particular, those relating to the status and content of the Consolidated State Court Proceeding. The Court has not considered the additional *arguments* set forth in the declaration, both because non-expert opinions are not proper declaration fodder and because the Court previously indicated that no reply would be permitted in support of the reconsideration request. *See* Dkt. No. 40. In addition, in so ruling, the Court strikes Greenspon's May 9, 2019 Notice of Uncited Authorities (Dkt. No. 49). This Court's General Order states that the Court "will not accept any submission of supplemental authority from any party . . . that was available at the time of the filing of the party's last brief." Ten of the eleven citations offered by Greenspon pre-date his motion for reconsideration, filed on April 18, 2019, without any explanation of why those citations were not available at that time. The lone remaining citation, *CALIPJO v. Purdy*, No. SCWC-14-0001305 (Haw. April 23, 2019), is not relevant to any issue presented for adjudication by Greenspon's reconsideration motion.