UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL C. GREENSPON, | Case No. 18-cv-00448-DKW-WRP |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION FOR WITHDRAWAL AND VOLUNTARY DISMISSAL** |
| AIG SPECIALTY INSURANCE CO F/K/A CHARTIS SPECIALTY INSURANCE CO.; AMERICAN INTERNATIONAL GROUP, INC.; PROMMIS SOLUTIONS HOLDING CORP. N/K/A OLD ALABAMA CLOSING COPR.; MCCORRISTON MILLER MUKAI MACKINNON LLP; and DOES 10-30, | |
| Defendants. | |

Before the Court is pro se Plaintiff Michael Greenspon's Motion for
Withdrawal and Voluntary Dismissal pursuant to Federal Rule of Civil Procedure
41(a)(2).   Dkt. No. 58.   The Court finds this matter suitable for disposition
without a hearing, pursuant to Local Rule 7.2(d).   For the reasons discussed
below, Greenspon's Motion is DENIED.

## PROCEDURAL BACKGROUND

Greenspon's Complaint, originally filed in state court, seeks a declaratory

judgment regarding AIG Specialty's insurance coverage obligations with respect to

a default judgment entered in Greenspon's favor in a 2014 state-court lawsuit

(2014 Lawsuit) against AIG Specialty's insured, Prommis Solutions Holding Corp

(PSHC), and Prommis' wholly owned subsidiary, Cal Western.   *Id.*, Ex. 1.

In November 2018, Defendant AIG Specialty, and then-Defendants

McCorriston, Miller, Mukai, MacKinnon LLP (M4) and American International

Group (AIG), removed this action to this Court.   Dkt. No. 1.   Greenspon filed a

Motion to Remand based on: (1) lack of jurisdiction because of the incomplete

diversity of the parties and (2) discretionary considerations, including the existence

of duplicative, intertwined state-court matters.   Dkt. No. 10.   On February 25,

2019, this Court denied Greenspon's Motion for Remand (February 2019 Order),

concluding, *inter alia*, that: (1) Greenspon had not asserted a claim against the sole

in-state party, M4, rendering the law firm's presence as a defendant improper and

resulting in its exclusion when determining diversity; and (2) Greenspon's *pending*

state-court matters against defendants other than those named here did not relate

directly to the declaratory judgment action before this Court, and the only possibly

related state-court matter, the 2014 Lawsuit, was no longer pending, having

concluded with the entry of default judgment.   Dkt. No. 22.

On March 13, 2019, Greenspon moved in state court to amend the findings

of facts and conclusions of law in the previously-concluded 2014 Lawsuit.

2

Defendant's Opposition to Motion to Remand, Dkt. No. 45, at 4.   The state court promptly denied the motion to amend.   *Id.* at 5.   On March 25, 2019, Defendant AIG Specialty, which was not party to the 2014 Lawsuit, initiated a Special Proceeding (2019 Special Proceeding) in state court to set aside the default judgment in the 2014 Lawsuit as it relates to AIG's insured, Cal-Western.   *Id.* Greenspon thereafter counterclaimed against AIG Specialty in the 2019 Special Proceeding asserting some claims similar to those in the declaratory judgment action before this Court.   *Id.* at 6.   The state court consolidated the 2014 Lawsuit with the 2019 Special Proceeding (Consolidated State Court Proceeding).   *Id.* at 7.

On April 18, 2019, Greenspon filed a "Motion to 1) Reconsider Motion to Remand or 2) to Stay Proceedings Pending State Court Action" (Motion).   Dkt. Nos. 38, 39.   The basis of the motion to reconsider was the newly revived 2014 Lawsuit now consolidated with the 2019 Special Proceeding.   Noting that AIG Specialty had sought to intervene in that case, Greenspon argued that AIG Specialty would be litigating in state court anyway and the renewed state-court litigation constituted intertwined litigation that supported remand.   Declining to be entangled in Greenspon's efforts to complicate matters before this Court through opportunistic action in state court, this Court denied Greenspon's Motion for Reconsideration or to Stay Proceedings.   Dkt. No. 53.

3

Then-Defendants M4 and AIG moved for judgment on the pleadings, based in part on this Court's determination in its Order on Remand (Dkt. No. 22) that Greenspon had failed to state a claim against M4.   Dkt. Nos. 23, 24.   Greenspon did not oppose dismissal of Defendants AIG and M4 but asked that dismissal of both defendants be without prejudice.   On May 17, 2019, the Court granted dismissal of the claims against M4 and AIG without prejudice and instructed Greenspon that he could file an amended complaint against either or both parties, if he chose, by June 7, 2019.   Dkt. No. 56.   Greenspon did not file an amended complaint.

On June 6, 2019, Greenspon filed the instant Motion to Withdraw and Dismiss Claims without Prejudice (Motion).   Dkt. No 58.   In support of the Motion, Greenspon argues that the pending state court proceedings are duplicative of and related to the insurance coverage proceedings in this Court and that AIG Specialty has voluntarily entwined itself in the state-court proceedings.    Motion at 4.   By his Motion, Greenspon states that he seeks to "simplify redundant proceedings."   *Id.*

As of the date of this Order, the state court proceedings are ongoing.   The state court has denied AIG Specialty's motion to set aside the 2014 default judgment and AIG Specialty's Complaint in the Special Proceeding for lack of

standing.   Defendant's Opposition (Opp.), Dkt. No. 66, at 11.   Pending in the

Consolidated State Court Proceeding are Greenspon's motion for summary

judgment on his amended counterclaim and AIG Specialty's Motion to Dismiss

Greenspon's counterclaims.   *Id.*

On July 18, 2019, AIG Specialty filed its opposition to the instant motion.

Dkt. No. 66.   Greenspon replied.   Dkt. No. 67.   Pursuant to Local Rule 7.2(d),

the Court elected to decide the matter without a hearing and the previously-

scheduled hearing was vacated.   Dkt. No. 68.

## LEGAL STANDARD

Where an answer has been served, as in the instant case, Rule 41(a)(2) of the

Federal Rules of Civil Procedure allows a plaintiff, pursuant to court order, and

subject to any terms and conditions the court deems proper, to dismiss an action

without prejudice.   "A motion for voluntary dismissal under Rule 41(a)(2) is

addressed to the district court's sound discretion[.]"   *Stevedoring Servs. of Am. v.

Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).   "The purpose of the rule is

to permit a plaintiff to dismiss an action without prejudice so long as the defendant

will not be prejudiced, or unfairly affected by dismissal."   *Id.* (citations omitted).

Therefore, "[a] district court should grant a motion for voluntary dismissal

under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal

prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted).   "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* at 976 (internal quotation marks and citation omitted).

## DISCUSSION

Greenspon is entitled to dismiss this case and remove himself from federal jurisdiction in favor of pursuing the matter in state court.   However, given the procedural posture and history of the case, any dismissal at this stage must be *with prejudice*.   Because Greenspon has not pleaded his Motion in the alternative— in other words, because he does not seek dismissal if it must be with prejudice— Greenspon's Motion is DENIED.

Ordinarily, voluntary dismissal should be granted unless the defendant will suffer legal prejudice, even where a plaintiff seeks dismissal in order to gain a tactical litigation advantage.   *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).   Here, AIG Specialty has filed an Answer but has not filed dispositive motions, nor has significant discovery taken place.   *See* Dkt. No. 12.   AIG Specialty nonetheless claims that it would suffer legal prejudice because if the matter were dismissed, it would "effectively strip AIG Specialty of its legal right to have removed the case to federal court…"   Opp. at 2.   Offering

little by way of supportive case law, AIG Specialty argues that dismissal would

"permit Plaintiff to forum shop and avoid the careful analysis of the federal court."

*Id.,* at 17.

Forum shopping is not necessarily legal prejudice.   *See, e.g., Smith v.*

*Lenches*, 263 F.3d 972, 976 (9th Cir. 2001); *Hamilton v. Firestone Tire,* 679 F.2d

143 (9th Cir. 1982) ("In any event, the need to defend against state law claims in

state court is not "plain legal prejudice" arising from voluntary dismissal of the

federal claims in the district court.").   However, the Court need not conclude

whether AIG Specialty will suffer legal prejudice because here there is a far more

pressing reason for denying the Motion: this Motion represents Greenspon's *third*

attempt to have the instant case heard in state court in contravention of the Court's

unambiguous determination that it is properly in Federal Court.   *See* Dkt. No. 22,

53.   In its Order denying Greenspon's second attempt to litigate in state court—his

Motion to Remand—the Court noted "apparent gamesmanship and opportunism

are not bases for reconsideration under this Court's rules…."   Indeed, both in

hearings and in its order denying the motion to remand, the Court specifically

stated that Greenspon had exhausted his arguments for remand.   Dkt. No. 55.   In

one exchange, the Court admonished Greenspon, "we are not here to discuss my

rulings on remand, I've already ruled on your motion for reconsideration, you

don't get another motion for reconsideration."   Hearing Transcript, Dkt. No. 57, at

14.   In moving to dismiss his claims in this Court, Greenspon seeks to game the

judicial system by doing an end run around this Court's previous decisions to

exercise jurisdiction over this matter.

Under different circumstances, at this early stage, granting dismissal without

prejudice may have been warranted.   However, it is Greenspon's machination in

state court—after *his attempts to obtain remand had failed*—and his litigation

strategy that have created the circumstances that now apparently counsel for

dismissal.   The Court cannot countenance such efforts to force the Court's hand

where it has already issued two orders denying the outcome Greenspon seeks.

For his part, Greenspon offers only that litigating in federal court is inconvenient

because it requires him to travel between Maui and Oahu and that the

mushrooming of potentially-related state-court proceedings is AIG Specialty's

fault, not his.   Reply, Dkt No. 67, at 4; Motion at 7.   Here, again, Greenspon's

contentions are unavailing: the argument that this federal forum is inconvenient is

one this Court has rejected twice before as a basis for declining jurisdiction.   Dkt.

Nos. 22, 53.   And, more importantly, Greenspon has participated in the

mushrooming of state-court proceedings just as much as AIG Specialty, reopening

the closed default judgment and filing counterclaims in state court.   Motion at 2-3.

8

For a similar reason, the Court ascribes little import to the potentially-overlapping coverage claims that are present here and in Greenspon's newly-filed counterclaims in state court.   The overlap exists because Greenspon intentionally created the overlap by filing the counterclaims after this Court's February 2019 denial of remand.   Gamesmanship of this type cannot be permitted to force the Court to reverse course.   The Court declines to allow a movant to repeatedly challenge its specific orders, regardless of the title he gives the motions.

Greenspon's claim that the new developments in his state court cases require dismissal of the case in this Court warrants little consideration given that Greenspon himself is responsible for most of the additional state court proceedings.   Greenspon has therefore presented no facts or arguments that counsel the Court to grant his Motion, and the Court declines to use its discretion to reward his opportunism.

Finally, even if the Court were to further address "legal prejudice" under Rule 41, such prejudice exists.   Greenspon's state court efforts include having re-named M4 and AIG as defendants.   Opp., Ex. B, First Amended Counterclaim and Third-Party Complaint, Dkt. No. 66-3.   This Court has already dismissed these same defendants for failure to state a claim, and despite having granted Greenspon leave to attempt to amend those claims here, Greenspon did not do so.   Allowing

Greenspon to dismiss all of his claims here without prejudice, and proceed with his claims in state court, would accordingly result, in part, in these parties having to defend themselves anew without the benefit of the legal rulings this Court has already made.

## CONCLUSION

For the foregoing reasons, Greenspon's Motion for Withdrawal and Voluntary Dismissal without Prejudice is DENIED.   If Greenspon wishes to dismiss his claims before this Court with prejudice, he must notify the Court and counsel at his earliest opportunity.

IT IS SO ORDERED.

Dated: August 23, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge