IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. GREENSPON,<br><br>               Plaintiff,<br><br>vs.<br><br>AIG SPECIALTY INSURANCE CO. f/k/a CHARTIS SPECIALTY INSURANCE CO.; AMERICAN INTERNATIONAL GROUP, INC.; PROMMIS SOLUTIONS HOLDING CORP. n/k/a OLD ALABAMA CLOSING CORP.; MCCORRISTON MILLER MUKAI MACKINNON LLP; DOES 1-30,<br><br>               Defendants. | CIVIL NO. 18-00448 DKW-WRP<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

Defendant AIG Specialty Insurance Co. f/k/a Chartis Specialty Insurance Co. ("***AIG Specialty***"), by and through its undersigned attorneys, respectfully moves this Court for an order continuing the trial of this matter and all related deadlines.

## **I.      INTRODUCTION**

Trial in this matter is currently set for July 13, 2020. [Dkt. 35]. As more fully set forth herein, Plaintiff Michael C. Greenspon ("***Plaintiff***" or "***Greenspon***")'s delays in responding to AIG Specialty's discovery have severely

216351.4

prejudiced AIG Specialty such that AIG Specialty cannot reasonably respond to the current upcoming Rule l6 deadlines and to prepare for a July 2020 trial.

This Motion does not duplicate, or seek the same relief as, AIG Specialty's pending Motion to Compel. Rather, this Motion seeks to move the trial date and all intervening Rule 16 deadlines.[1] AIG Specialty seeks this relief based upon the following:

**First** – the dispositive motions and expert witness disclosure deadline is February 12, 2020. Thus far, AIG Specialty has been precluded from completing key discovery in the case including Plaintiff's deposition and the full production of Plaintiff's documents. AIG Specialty will not be able to reasonably file substantive dispositive motions or prepare expert witness disclosures without this information.

**Second** - the operative pleadings in the case are still in a state of flux. Plaintiff filed a Motion for Leave to File a First Amended Complaint ("**FAC**") on December 13, 2019 [Dkt. 90], the last day to file such a motion. Where the original Complaint only had one clear cause of action (declaratory relief) [Dkt. 1],

---

[1] In the Motion to Compel, AIG Specialty sought: (1) to compel the production of certain documents, (2) to compel Greenspon's deposition, and/or (3) in the alternative, to move certain deadlines until after such discovery was obtained. While there is some overlap, the Motion to Compel specifically did **not** seek to move all deadlines and trial in this matter. Given recent developments (including Greenspon's proposed First Amended Complaint), AIG Specialty now believes that it is in the best interest of the Parties and the Court to briefly delay trial and all associated deadlines.

the proposed FAC has (at least) five claims, the majority of which are new tort-based claims. [Dkt. 90-1]. The proposed FAC further requests, for the first time, a jury trial. While AIG Specialty does not believe that Greenspon's proposed claims are valid [*see generally* Dkt. 96],[2] the fact remains that the pleadings are not fixed and any amendment to the pleadings at this late date will set off another round of discovery.[3]

**Third** – the current trial date is only seven months out. Given Plaintiff's delays in responding to discovery, it is not reasonable to expect that AIG Specialty can conduct and complete this discovery, prepare and file dispositive motions, retain any necessary experts and properly prepare for trial by July 2020 (let alone do so by the required pre-trial deadlines for these various tasks).

In addition, AIG Specialty will be required to respond on January 24, 2020 to Plaintiff's Motion for Summary Judgment (filed on November 11, 2019 [Dkt. 84]) without the benefit of completing critical discovery with Greenspon.

---

[2] Greenspon filed his Reply on January 14, 2020 [Dkt. 102]. The Court is treating this as a non-hearing motion.

[3] AIG Specialty believes it acted timely with its discovery obligations, and undertook to conduct all necessary discovery shortly after it was determined that the instant litigation would move forward in this Court. The Parties spent approximately nine (9) months disputing jurisdictional issues that were not entirely resolved until November, 2019.

Accordingly, AIG Specialty respectfully requests that the Court move the trial date until October 2020, or to the Court's next available trial date and to also move all other pretrial deadlines.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Court is familiar with the background in this case, which has already been briefed in AIG Specialty's Motion to (1) Compel Production of Documents from Plaintiff Michael C. Greenspon; (2) Compel the Deposition of Plaintiff Michael C. Greenspon; and/or (3) Amend the Rule 16 Scheduling Order in Light of the Pending Deadlines ("***Motion to Compel***"), filed on December 13, 2019 [Dkt. 91].[4]  Briefly, AIG Specialty summarizes the relevant points as follows:

For several months, Greenspon forced AIG Specialty to concentrate its efforts on opposing his multiple attempts to remand this litigation and to evade this Court's jurisdiction by filing numerous and duplicative motions in this Court and the Second Circuit Court for the State of Hawaii ("***State Court***").  *See* [Dkts. 22, 53, 69].  As part of these efforts, Greenspon subjected AIG Specialty to unnecessary litigation in the State Court Action based on claims which were duplicative or which arose out of the same set of operative facts with those that

---

[4] *See also*, Dkt. 98.

Greenspon asserted in this matter.[5] The State Court finally dismissed the duplicative claims on November 1, 2019.

AIG Specialty began the discovery process in earnest as soon as it became clear that the instant litigation would move forward before this Court, serving written discovery requests on October 8, 2019 ("*Requests*"). [Dkt. 78]. Despite AIG Specialty's efforts, Greenspon has refused to cooperate and produce all necessary documents. In particular, Greenspon has refused to produce "confidential business records" unless and until AIG Specialty agrees to an unworkable stipulated protective order – these issues are fully briefed in AIG Specialty's pending Motion to Compel. Further, Greenspon refused to be deposed in this matter and instead insisted that AIG Specialty's counsel depose him with other defendants in a related State Court case[6] – of which AIG Specialty is not a party to – on January 15, 2020. While AIG Specialty has the absolute right to take Greenspon's deposition in this litigation, even if AIG Specialty agreed to Greenspon's proposition it would not have been possible; the Defendants in the related state court action informed AIG Specialty's counsel that all of the allotted time for Greenspon's deposition in that action was already spoken for. Declaration of Maile S. Miller ("*Miller Decl.*") ¶¶ 3-4.

---

[5] *See*, [Dkt. 75].
[6] Civil No. 14-1-0395(2) and Civil No. 14-1-0560(2) (consolidated).

In light of the above discovery disputes, AIG Specialty filed its Motion to Compel [Dkt. 91] and an *Ex Parte* Motion to Shorten Time [Dkt. 92] on December 13, 2019; the *Ex Parte* was denied on December 16, 2019.  After discussing various issues with Greenspon, the Parties jointly requested a status conference on January 3, 2020 [Dkt. 98], which the Court declined to entertain. The Court issued an EO the same day [Dkt. 99], advising the parties that after the Court reviews the briefs on the Motion to Compel, it will determine whether a discovery conference is appropriate.  The Court further instructed that "because the parties do not agree regarding an extension of the Rule 16 Scheduling Order deadlines, the Court directs the requesting party to file the appropriate motion to seek a continuance of any dates and deadlines." [Dkt. 99].

## III.  LEGAL STANDARD

This Court's Rule 16 Scheduling Order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. ("***FRCP***") 16(b)(4).  In considering such a request, the Court examines the issue of "good cause" in light of the movant's efforts in seeking to modify the scheduling order.

> The use of the good-cause standard, rather than allowing modification only in cases of manifest injustice as is done for other pretrial orders, indicates that there may be more flexibility in allowing some relief. As noted by the Advisory Committee, this more liberal standard was included in recognition that the scheduling order is entered early in the litigation and that if a stricter approach to modification were adopted, counsel might be encouraged to request the longest possible time for completing pleading, joinder, and discovery because of a fear that an extension would be impossible.

6A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.)

If, as here, the party seeking the modification used its best efforts, under the circumstances, the court should grant the motion. A pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (*quoting Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)) (internal quotations omitted).

## IV. ANALYSIS

AIG Specialty seeks a brief continuance of the trial for approximately three months until October 2020. Good cause exists to continue the trial date and related deadlines in this matter until that time due to the outstanding discovery and current state of the pleadings.

AIG Specialty timely and diligently propounded document requests [Dkt. 78] and noticed Greenspon's deposition in this matter for January 7, 2020 [Dkt. 89]. Greenspon has refused to produce all relevant documents and further refused to appear for his January 7, 2020 deposition. Greenspon's foregoing refusals to cooperate with AIG Specialty in discovery is the subject of AIG Specialty's Motion to Compel [Dkt. 91], which the Court will rule on some time after AIG

Specialty files its reply on January 28, 2020 [Dkt. 99].[7]  Despite AIG Specialty's diligence and best efforts to effectuate discovery in this matter, AIG Specialty will likely need to undertake additional discovery, particularly third-party discovery, depending on what it learns from Greenspon's documents and ultimate deposition testimony.

The information obtained during discovery is directly relevant to AIG Specialty's ability to both (1) prepare its own dispositive motions; and (2) properly respond to Greenspon's Motion for Partial Summary Judgment.  Particularly relevant is Greenspon's deposition in this case, which AIG Specialty believes cannot be completed unless and until all relevant documents are produced.

There is no question that AIG Specialty has a right take Greenspon's deposition and that the information gleaned from that deposition is relevant to dispositive motions.  FRCP Rule 30(a) ("A party may, by oral question, depose any person, including a party, without leave of court[.]"); *Jou v. Adalian*, 2016 WL 11507814 JMS-KJM (D. Haw. Dec. 1, 2016).  In *Jou*, the plaintiff filed a Motion for Summary Judgment which was timely set for hearing.  Defendant noticed the plaintiff's deposition, which the plaintiff refused to participate in.  The defendant sought to take the plaintiff's deposition specifically so he would not have to move pursuant to FRCP Rule 56(d) for a continuance of the summary judgment hearing.

---

[7] *See also* [Dkt. 98].

8

*Id.* at *1. While plaintiff argued that the pending summary judgment motion precluded the defendant's ability to take discovery, the Court disagreed and found that the "Plaintiff cannot cut off Defendant's right to depose him within the discovery period by moving for summary judgment." *Id. See also DuPreez v. Banis*, 2015 WL 13567077 LEK-RLP (D. Haw. Apr. 9, 2015) ("Defendants' noticing of Plaintiff's deposition for March 6, 2015, was appropriate given the approaching dispositive motions deadline.").

The production of documents and Greenspon's testimony is directly relevant to his knowledge and when claims were first made, as well as to the overall coverage amounts he is claiming in this litigation. In determining whether or not Greenspon's claims are covered under the Directors and Officers Policy (the "***Policy***"), AIG Specialty has the right to conduct discovery and examine all of the underlying evidence. *See, e.g., Dairy R. Partners v. Island Ins. Co.,* 92 Hawai'i 398, 423 (2000) (noting that a Court is "entitled to consider *any* competent evidence" submitted by the insurer to rebut coverage, "***even if the evidence might be subject to dispute in the underlying lawsuit***[]," (emphasis added)).

Currently, even if the Court were to immediately grant AIG Specialty's pending Motion to Compel and order Greenspon's deposition (which will likely not be determined until after AIG Specialty's Reply is due on January 28, 2020), AIG Specialty will not have a sufficient amount of time to properly review the

documents, prepare for and take Greenspon's deposition, receive a transcript, and write dispositive motions by February 12, 2020. [8]

Compounding the above issues is the fact that the state of the pleadings are in flux.  Should any of the claims in Greenspon's proposed FAC be added to this litigation, the landscape of relevant and discoverable material will undoubtedly multiply.  Discovery on any new claim will need to occur prior to either of the Parties being able to file dispositive motions.

AIG Specialty believes that it will be particularly prejudiced in its efforts to properly prepare for its own dispositive motions if the current trial date and associated deadlines are maintained.  AIG Specialty therefore submits that good cause exists to continue the trial herein, and respectfully requests that the trial date and all attendant deadlines be continued for three months until October 2020, depending on the Court's availability, to be consistent with the current status of the pleadings and discovery herein.

---

[8] As AIG Specialty previously advised the Court in its Motion to Compel [Dkt. 91], and January 3, 2020 letter [Dkt. 98], AIG Specialty believes it will also be prejudiced by Greenspon's failure to cooperate in discovery in its ability to oppose Greenspon's Motion for Summary Judgment [Dkt. 84].  AIG Specialty's deadline to oppose Greenspon's MSJ is January 24, 2020, and AIG Specialty intends on seeking additional time to take discovery pursuant to FRCP Rule 56(d).

## V. __CONCLUSION__

For the foregoing reasons, AIG Specialty respectfully requests that the Motion be GRANTED in its entirety.

DATED: Honolulu, Hawaii, January 22, 2020.

>  */s/ Maile S. Miller*
> TERENCE J. O'TOOLE
> MAILE S. MILLER
> JOHN W. KELLY
>
> Attorneys for Defendants
> AIG SPECIALTY INSURANCE CO. f/k/a CHARTIS SPECIALTY INSURANCE CO. and AMERICAN INTERNATIONAL GROUP, INC.