IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL C. GREENSPON,<br><br>      Plaintiff,<br><br>  vs.<br><br>AIG SPECIALTY INSURANCE CO., *et al.*,<br><br>      Defendants. | Case No. 18-cv-00448-DKW-WRP<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL** |

This matter comes before the Court with the filing of Plaintiff Michael C. Greenspon's motion for extension of time to file appeal ("motion").   Therein, although Greenspon provides various grounds for why his time to appeal should be extended, in no instance does he provide any meaningful explanation for how the stated ground(s) prevented him from timely filing a notice of appeal or why he was not able to follow clear federal procedural rules.   Therefore, for the reasons discussed below, the motion is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On April 20, 2020, this Court entered an Order that, among other things, found Defendant AIG Specialty Insurance Company entitled to summary judgment

and instructed the Clerk to enter judgment in favor of all defendants.   Dkt. No.

142 at 30-31.   On the same day, the Clerk entered Judgment.   Dkt. No. 143.

On May 20, 2020, thirty days later, Greenspon filed a motion for partial

reconsideration of the April 20, 2020 Order.   Dkt. No. 144.[1]   On June 5, 2020, a

further sixteen days later, Greenspon filed the instant motion for extension of time

to file appeal.   Dkt. No. 147.   This Order now follows.

## LEGAL STANDARD

Greenspon moves pursuant to Rule 4(a)(5) of the Federal Rules of Appellate

Procedure.   Dkt. No. 147 at 1.   Pursuant to Rule 4(a)(5), a district court may

extend the time to file a notice of appeal if: "(i) a party so moves no later than 30

days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of

whether its motion is filed before or during the 30 days after the time prescribed by

this Rule 4(a) expires, that party shows excusable neglect or good cause."

Fed.R.App.P. 4(a)(5)(A).[2]

Because Greenspon is proceeding pro se, the Court liberally construes his

motion.   *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   However,

---

[1]Greenspon's motion for partial reconsideration remains pending before the Court, and nothing herein should be construed as addressing any issue raised therein.
[2]In this case, "the time prescribed by" Rule 4(a) was 30 days after the entry of judgment. Fed.R.Civ.P. 4(a)(1)(A).

the Court cannot act as counsel for a pro se litigant.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## <u>DISCUSSION</u>

In the motion, Greenspon points to an attached declaration as supplying the grounds for extending the time to appeal.   Dkt. No. 147 at 1.   In his declaration, Greenspon asserts that he intended his motion for partial reconsideration to act as a "tolling motion" with respect to his right to appeal the April 20, 2020 Order, but, he "inadvertently marked my calendar in error for 30 days … rather than 28 days." Dkt. No. 147-1 at ¶ 2.   Greenspon further asserts that he has "been subjected to voluminous and stressful interrelated state court litigation in multiple cases with overlapping deadlines as well as strains caused by the Coronavirus pandemic." He also asserts that this case is the first one he has "ever prosecuted *pro se* in federal court[]" and he has a "lack of experience with the rules that differ from the state court rules."   He says that "[a]ll of these factors contributed to the error." *Id*.

The foregoing is the sum total of the grounds Greenspon provides *and* the explanation for how those grounds prevented him from timely appealing the April 20, 2020 Order.   In other words, Greenspon provides *no* meaningful explanation

for *how* he was prevented from appealing.   For example, he fails to even identify the "overlapping deadlines" in his state court litigation or how those deadlines prevented him from timely filing an appeal in this case.   Equally, he fails to provide any explanation for how the coronavirus impacted his ability to timely file an appeal.

The closest that Greenspon gets to an explanation for the lack of a timely appeal in this case is his statement that he marked a calendar for 30 days rather than 28 days, as required by Rule 4(a).   *See* Fed.R.App.P. 4(a)(4)(A)(iv) & (vi). The Federal Rules, however, are perfectly clear that a motion for reconsideration under either Federal Rule of Civil Procedure 59(e) or 60(b) must be filed within 28 days in order to toll the time to file an appeal.   *See* Fed.R.Civ.P. 59(e) (providing that a Rule 59(e) motion must be filed "no later than 28 days after the entry of judgment[]"); Fed.R.App.P. 4(a)(4)(A)(vi) (same with respect to a Rule 60 motion).   Therefore, Greenspon's alleged inadvertence in marking an unambiguous deadline in his calendar is not the type of error that has anything to do with an alleged "lack of experience" or that warrants an extension of time to appeal in this case.   *Cf. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 398-99 (1993) (concluding that the "dramatic ambiguity" in the notice provided to a party justified a finding of excusable neglect).

4

Further, Greenspon's assertion that federal and state rules differ does not help him.   Although Greenspon does not identify the relevant rule(s) that may differ, to the extent he means the state rule addressing when a post-judgment motion tolls the time to appeal, State of Hawaiʻi law reflects that Rule 59(e) and Rule 60 motions must be filed within *ten* days of entry of judgment to count as tolling motions.   Haw.R.Civ.P. 59(e) (providing that a Rule 59(e) motion must be filed "no later than 10 days after entry of the judgment[]"); *Lambert v. Lua*, 990 P.2d 126, 132 (Haw. Ct. App. 1999) ("An [Haw.R.Civ.P.] 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed within ten (10) days after the judgment is entered."). Thus, if anything, the difference between state and federal rules should have militated toward filing an *earlier* motion for reconsideration, rather than providing a reason for filing one late for purposes of tolling the time to appeal.

//

//

//

## <u>CONCLUSION</u>

Because Greenspon provides neither excusable neglect nor good cause for

extending the time to appeal in this case, the motion, Dkt. No. 147, is DENIED.

IT IS SO ORDERED.

Dated: June 9, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

_Michael C. Greenspon v. AIG Specialty Insurance Co., et al._; Civil No. 18-00448
DKW-WRP; **ORDER DENING MOTION FOR EXTENSION OF TIME TO FILE APPEAL**