IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL C. GREENSPON,<br><br>Plaintiff,<br><br>vs.<br><br>AIG SPECIALTY INSURANCE CO., *et al.*,<br><br>Defendants. | Case No. 18-cv-00448-DKW-WRP<br><br>**ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION** |

Plaintiff Michael C. Greenspon moves for partial reconsideration ("motion") of the Court's April 20, 2020 Order, which, among other things, awarded summary judgment to Defendant AIG Specialty Insurance Company. The arguments Greenspon presents for reconsideration amount to nothing more than his disagreement with the findings and conclusions reached in the April 20, 2020 Order. Because disagreement is not a valid basis for reconsideration, the instant motion is DENIED.

## **RELEVANT PROCEDURAL BACKGROUND**[1]

On April 20, 2020, this Court entered an Order that, among other things, found Defendant AIG Specialty Insurance Company entitled to summary

---

[1] The Court assumes the parties' familiarity with the procedural background set forth in the April 20, 2020 Order, Dkt. No. 142 at 13-15, and incorporates the same herein by reference.

judgment. Dkt. No. 142. The Court so found because Greenspon had failed to meet his burden of showing coverage under an Insurance Policy.[2] More specifically, the Court found that the underlying two lawsuits primarily at issue in this case, one in 2011 and the other in 2014, were both premised upon the alleged wrongful foreclosure of Greenspon's property, which meant that the claims in those lawsuits were first made in 2011–a time when the Insurance Policy was not in effect. In addition, even if Greenspon had shown that one or more of his claims were first made during the effective period of the Insurance Policy, the Court further found Greenspon had failed to meet his burden of showing that damages awarded to him pursuant to a 2018 state court default judgment flowed from covered claims. The Court also rejected Greenspon's objection to the Magistrate Judge's denial of leave to amend his complaint, so as to add a claim for unfair methods of competition and deceptive trade practices, because he was not a "consumer" with respect to the Insurance Policy.

Thirty days later, on May 20, 2020, Greenspon filed the instant motion for partial reconsideration. Dkt. No. 144. Defendant has filed an opposition to the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the April 20, 2020 Order.

motion, Dkt. No. 146, and Greenspon has filed a reply, Dkt. No. 149. This Order now follows.

## LEGAL STANDARD

A motion for reconsideration filed more than 28 days after the entry of judgment is construed under Rule 60(b) of the Federal Rules of Civil Procedure. *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) ("Gould's motion … was not denominated a Rule 60(b) motion. But, since it followed final judgment and was not within the time limits of Rule 59(e), we may consider it a Rule 60(b) motion."); *see also* Fed.R.Civ.P. 59(e), 60(c).[3]

Pursuant to Rule 60(b), a court may relieve a party from a final judgment or order due to, *inter alia*, mistake, newly discovered evidence, fraud, the judgment being void or satisfied, or any other reason that justifies relief. Fed.R.Civ.P. 60(b)(1)-(6).

## DISCUSSION

Because Greenspon is proceeding pro se, the Court liberally construes his motion. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). That being said, nowhere in the motion, or in the reply in which it is acknowledged that relief

---

[3] As a result, the Court disagrees with Defendant that the instant motion should be denied as untimely. *See* Dkt. No. 146 at 8-10.

is being sought under Rule 60(b), does Greenspon ever explain under which prong of Rule 60(b) he is moving.  *See generally* Dkt. Nos. 144-1, 149.  Nonetheless, liberally construing Greenspon's briefing, he appears to contend that the Court committed some form of legal error in awarding summary judgment to Defendant and not granting him leave to amend his complaint.  The Ninth Circuit has explained that a claim of legal error may be appropriate under either Rule 60(b)(1) as a "mistake" or under the "catchall" provision that is Rule 60(b)(6).  *See In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 n.7 (9th Cir. 2007) (explaining that a legal error under the law of the case doctrine is cognizable under Rule 60(b)(1) as a mistake, and concluding that legal errors amounting to statutory and procedural violations were cognizable under Rule 60(b)(6)).  The Court, thus, construes the instant motion in that light.

Doing so, first, Greenspon points to no mistake that the Court has made and certainly no mistake similar to the one identified in *In re Int'l Fibercom*.  Instead, a liberal construction of the instant motion reflects that Greenspon simply disagrees with the Court's findings and conclusions in the April 20, 2020 Order.  Notably, Greenspon retreads his review of the pertinent documents in this case, such as the 2018 Order, and restates his conclusion that, in light of those documents, Defendant was not entitled to summary judgment.  The Court,

4

however, addressed and rejected all of Greenspon's arguments related to coverage under the Insurance Policy in the April 20, 2020 Order.  Dkt. No. 142 at 18-27. Thus, he cannot re-assert his arguments or re-constitute them in his motion for reconsideration.  *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (concluding that the district court did not abuse its discretion in denying a motion for reconsideration, whether brought under Rule 59(e) or Rule 60(b), because the plaintiffs "presented no arguments which the court had not already considered and rejected."); *Stephens v. Cty. of Haw. Police Dep't*, 584 F. App'x 506, 507 (Mem) (9th Cir. Aug. 14, 2014) ("Because the motion for reconsideration merely reiterated Stephens's disagreement with the order granting summary judgment, the district court properly denied the motion.").[4]

Greenspon also argues that the Court should not have denied him leave to amend his complaint.  Construing this as an assertion of legal error, Greenspon, again, fails to point to any mistake in the Court's decision.  Instead, Greenspon

---

[4] To the extent any of Greenspon's arguments could be construed as new, such as his assertion in reply that he could "easily show the apportionment of damages…[,]" Dkt. No. 149 at 7, he is also not permitted to raise such arguments in a motion for reconsideration.  *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (emphasis in original).  Here, not only could Greenspon have raised his apportionment argument earlier in this litigation, he also could have raised it in the 2014 lawsuit that resulted in the 2018 Order.  As discussed in the April 20, 2020 Order, the 2018 Order reflects he did not, *see* Dkt. No. 142 at 22-27, and he cannot use this case to do that which he failed to do in   his 2014 lawsuit.

asks the Court to certify a question to the Hawaiʻi Supreme Court with respect to whether he may bring one of the claims he wished to add to his complaint. As the Court discussed in the April 20, 2020 Order, Greenspon was not entitled to bring the relevant claim and rejected his arguments to the contrary. Dkt. No. 142 at 28-30. There was, thus, no reason to certify a question to the Hawaiʻi Supreme Court. Moreover, whether to certify a question to a state's highest court is a matter of discretion. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). The Court did not commit a mistake in declining to exercise its discretion in the   manner urged by Greenspon.

As for relief under Rule 60(b)(6), such relief is appropriate "to accomplish justice," but "only under extraordinary circumstances." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (quotations omitted). As discussed herein, Greenspon points to no extraordinary circumstance or injustice worthy of reconsidering this case. Instead, he merely disagrees with the April 20, 2020 Order awarding summary judgment to Defendant and denying leave to amend the complaint. Disagreement is, however, not an extraordinary circumstance. *See Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) ("A party seeking to re-open a case under Rule 60(b)(6) must demonstrate both injury

and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.").

Accordingly, the motion for partial reconsideration is DENIED.

## CONCLUSION

For the reasons set forth herein, the motion for partial reconsideration, Dkt. No. 144, is DENIED.

IT IS SO ORDERED.

Dated: June 29, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Michael C. Greenspon vs. AIG Specialty Insurance Co., et al*; Civil No. 18-00448 DKW-WRP; **ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION**